# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL CASE NO. H-11-3130 |
| § | | |
| LOUIS E. SCHAEFER, JR., *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 3] filed by Defendants Louis E. Schaefer, Jr., James J. Mermis, Roger D. Burks, and Joshua Koch. Defendants seek dismissal of Count One's duty of care claim, the claim relating to the sale of the vessel *Superior Achiever* ("*Achiever*"), and the claims arising out of a special dividend paid to Schaefer. Plaintiff Superior Offshore International, Inc. ("Superior") filed a Response [Doc. # 4], and Defendants filed a Reply [Doc. # 5]. Having reviewed the record and applied governing and other relevant legal authorities, the Court **grants** the Motion to Dismiss as to Count One and the claims arising out of the special dividend to Schaefer, and **denies** the Motion to Dismiss as to the claim regarding the sale of the *Achiever*.

P:\ORDERS\11-2011\3130MD.wpd

## I.     BACKGROUND

Prior to filing bankruptcy in April 2008, Superior provided subsea construction and commercial diving services to the oil and natural gas exploration industries. Schaefer founded Superior in 1986 and served as its CEO until August 2006. Defendants were the only members of Superior's Board of Directors prior to the Initial Public Offering ("IPO") on April 20, 2007, and Schaefer was Chairman of the Board.

The Post Confirmation Equity Subcommittee ("PCES") filed this lawsuit in Superior's name as an adversary proceeding in connection with Superior's bankruptcy.[1]  Plaintiff alleges that Defendants breached certain duties they owed Superior, specifically the duty of care (Count One) and the duty of loyalty and good faith (Count Two).  Plaintiff alleges also that Defendants engaged in self dealing, wasted corporate assets, and diverted corporate opportunities (Count Three). Plaintiff alleges that Defendants Mermis, Koch and Burks engaged in insider trading (Count Four).

Defendants moved to dismiss Count One as barred under governing Delaware law, to dismiss the portion of Count Two that is based on the sale of the *Achiever*

---

[1]     This Court withdrew the reference to the Bankruptcy Court by Order [Doc. # 6] entered August 25, 2011.

because the allegations are "self defeating," and to dismiss the portion of Counts Two and Three that are based on the payment of a special dividend to Schaefer as barred by the doctrine of *res judicata*. The specific allegations will be addressed more fully in the relevant section herein. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    COUNT ONE

Count One of the Complaint asserts a "Duty of Care" claim. Defendants argue that the exculpatory provision of the Delaware Code is a bar to Count One. The Delaware Code provides that the certificate of incorporation may include a "provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director . . .." 8 DEL. CODE § 102(b)(7). It is undisputed that the Certificate of Incorporation in this case includes this exculpatory provision.

Superior argues that the provision does not apply because the Complaint also includes a duty of loyalty and good faith claim. Defendants do not argue, however, that the Complaint should be dismissed in its entirety based on the exculpatory provision; Defendants argue only that the duty of care claim in Count One should be dismissed. The Delaware Supreme Court has stated that the existence of a valid exculpatory provision in the certificate of incorporation "entitles directors to dismissal

of ***any claims*** for money damages against them that are based solely on alleged breaches of the board's duty of care." *Malpiede v. Townson*, 780 A.2d 1075, 1095-96 n.71 (Del. 2001); *see also In re IT Group Inc.*, 2005 WL 3050611, *11 (D. Del. Nov. 15, 2005) (noting that "while the duty of loyalty claims are unaffected, the directors are protected by § 102(b)(7) against liability for breaching the duty of care").[2]

Superior argues also that the exculpatory provision does not apply to officers such as Mermis and Burks. It is undisputed that Mermis and Burks served as both officers and directors of Superior. In the Complaint, Plaintiff does not identify in which capacity Mermis and Burks were acting when they allegedly violated their duty of care. As a result, Mermis and Burks are treated as directors for purposes of the Motion to Dismiss. *See IT Group*, 2005 WL 3050611 at *11 (holding that "since no allegations are made against [defendant] based on his actions as an officer separate from those as a director, he is treated as a director for purposes of the Motion to Dismiss").

---

[2] Superior cites *Alidina v. Internet.com Corp.*, 2002 WL 31584292 (Del. Ch. Nov. 6, 2002), as holding that "when a duty of care breach is not the *exclusive* claim, a court may not dismiss based upon an exculpatory provision." The Court notes initially that the court in *Alidina* described the allegations as a breach of the "fiduciary duties of loyalty, care, and disclosure" without indicating whether the duties were all included in a single claim. Moreover, the Court finds the Delaware Supreme Court's decision in *Malpiede* as followed by the Delaware federal court in *In re IT Group* to be more persuasive than the unpublished decision from the Delaware Court of Chancery in *Alidina*.

Count One is based exclusively on an alleged breach of the duty of care. Because the certificate of incorporation includes the § 107(b)(7) exculpatory provision, and because there are no allegations against Mermis and Burks based on their actions as officers rather than as directors, Defendants' Motion to Dismiss Count One is granted.

## III. CLAIM REGARDING SALE OF THE *ACHIEVER*

"A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. Mar. 17, 2010). A breach of fiduciary duty claim is subject to dismissal as "self-defeating when it states an ostensibly legitimate business purpose for an allegedly egregious decision." *In re Tower Air, Inc.*, 416 F.3d 229, 239 (3rd Cir. 2005).

In this case, Defendants argue that the "Breach of Fiduciary Duty – Duty of Care" (Count One) and "Breach of Fiduciary Duty – Duty of Loyalty and Good Faith" (Count Two) claims regarding the sale of the *Achiever* are self-defeating and should be dismissed. Defendants note that Plaintiff alleges that Superior was experiencing financial problems and that the sale of the *Achiever* allowed the company to meet its debt obligations. Defendants argue this is a legitimate business purpose for selling the *Achiever*.

Plaintiff's breach of the duty of loyalty and good faith is not, however, based on Superior having decided to sell the *Achiever*. The claim is, instead, based on the allegation that "Burks and Mermis did not disclose to the Board the fact that other parties had made much better offers for the *Superior Achiever* before they signed the Letter of Intent with Hornbeck [the purchaser of the *Achiever*]." Complaint, ¶ 54. Plaintiff's claim in Count Two is based not on a decision to sell the vessel, but on the failure of Mermis and Burks to make full disclosure regarding other, potentially more lucrative, offers. Defendants cite no legal authority supporting the argument that deliberately withholding and concealing material information from a board of directors can constitute a "legitimate business purpose," and this Court is aware of none. Consequently, the allegations regarding the sale of the *Achiever* are not self-defeating and the Motion to Dismiss that claim is denied.

## IV.   CLAIM REGARDING SPECIAL DIVIDEND TO SCHAEFER

Plaintiff alleges in this case that Defendants breached their fiduciary duty by improperly paying a $28,000,000.00 special dividend to Schaefer. The Plan Agent in *H. Malcolm Lovett, Jr., Plan Agent, v. Louis E. Schaefer, et al.*, Adversary No. 09-3263 (the "*Lovett* Adversary"),[3] challenged the same special dividend as a fraudulent

---

[3]   Defendants also argue that *res judicata* bars Plaintiff's claims in this case relating to granting Schaefer the entire benefit of an additional 1,500,000 shares sold in the IPO
(continued...)

transfer. The *Lovett* Adversary was settled; the parties therein executed a Settlement Agreement and filed a Joint Stipulation of Dismissal with the Bankruptcy Court. The Joint Stipulation of Dismissal provided that the parties had "resolved the issues that formed the basis of this adversary" and the *Lovett* Adversary was dismissed with prejudice.

Defendants argue that the current claims regarding the special dividend are barred by the *res judicata* effect of the dismissal with prejudice of the *Lovett* Adversary. Pursuant to the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). For the *res judicata* bar to apply, four elements must be established: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the

---

3    (...continued)
as well as the entire 225,000 shares from over-allotment options. The allegations in the *Lovett* Adversary, however, did not specifically relate to these stock sales, challenging instead Schaefer's sale of approximately 3,025,000 shares. It is unclear at this early stage of the case whether the shares at issue in the *Lovett* Adversary overlap with or are the same as those at issue in this case. As a result, the Court does not at this time apply the *res judicata* bar to the claims relating to sales of an increased number of shares.

same claim or cause of action must be involved in both cases." *Id.* (quoting *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007)).

Plaintiff argues first that the issues in the case at bar are not issues that "could have been raised" in the *Lovett* Adversary because the confirmed Plan of Reorganization in the bankruptcy proceeding at paragraph 7.10 gave the PCES the authority to assert claims against Superior's former officers and directors on Superior's behalf. The Court is unpersuaded. The Plan of Reorganization provides also at paragraph 7.2 that the Plan Agent (Lovett), as the sole officer, director and shareholder of the Liquidating Debtor (Superior), is authorized to "prosecute causes of action owned by the Estate," such as a claim against Schaefer based on the special dividend. Paragraph 7.10, on the other hand, gives the PCES the specific authority to prosecute claims against officers and directors generally. There is nothing in the Plan of Reorganization to indicate that either paragraph grants ***exclusive*** authority to either the Plan Agent or PCES. As a result, the Plan Agent pursuant to paragraph 7.2 of the Plan of Reorganization could have brought the special dividend claim in the *Lovett* Adversary. Indeed, in that suit, the Plan Agent asserted that the special dividend was a fraudulent transfer.

The Complaint in the pending case and the *Lovett* Adversary both were filed on behalf of Superior. The PCES and the Plan Agent are in privity with Superior, which

satisfies the "identity of parties" element of the *res judicata* analysis. *See Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Indeed, Plaintiff does not contest the existence of this element.

It is similarly uncontested that the United States Bankruptcy Court is a court of competent jurisdiction.

In this case, the parties filed a Joint Stipulation of Dismissal and the Bankruptcy Court closed the case without entering a separate Final Judgment. Under longstanding Fifth Circuit legal authority, however, the absence of a separate Final Judgment is not fatal to the *res judicata* bar. *See, e.g., Matter of West Texas Marketing Corp.*, 12 F.3d 497, 501 (5th Cir. 1994). The Fifth Circuit in that case held that the adversary proceeding "ended when the stipulations to dismiss were filed and the finality of that ending cannot be disturbed by later actions of the bankruptcy court." *Id.; see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (noting that a dismissal designated "with prejudice" is an adjudication on the merits for purposes of *res judicata*). As a result, the Joint Stipulation of Dismissal, followed by the closing of the *Lovett* Adversary by the Bankruptcy Court, constitutes a "final judgment" for purposes of the *res judicata* analysis.

To determine whether the same claims are involved in the two proceedings, the Fifth Circuit applies a "transactional test" that requires the two actions to be based on

the same "nucleus of operative facts." *See Oreck*, 560 F.3d at 401-02. "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] transaction arose.'" *Id.* at 402 (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, LLC v. United States,* 365 F.3d 385, 395-96 (5th Cir. 2004)).

Plaintiff argues that the Court should not apply the transactional test in this case because the parties' Settlement Agreement in the *Lovett* Adversary excluded from the settlement any derivative claims that the PCES had the right to pursue. In support of its position, Plaintiff cites *Oreck*. In that case, Oreck argued that the district court should not have applied the transactional test and should have instead conducted the *res judicata* analysis based on the parties' intentions as reflected in their settlement agreement. *Oreck*, 560 F.3d at 402. The Fifth Circuit rejected Oreck's argument, noting that it was not supported by authority from this circuit, particularly since the final judgment in that case did not incorporate the settlement agreement. *See id.* While recognizing that the Eleventh Circuit would allow parties to waive a *res judicata* defense by using an "exclusive list" of claims that are subject to the settlement agreement, *see id.* (citing *Norfolk S. Corp. v. Chevron USA, Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004)), the Fifth Circuit in *Oreck* held that the transactional test

applied to determine whether the fourth element of *res judicata* had been met where, as here, the settlement agreement is not incorporated into the final judgment.[4] *See id.* at 403.

In the case at bar, the Settlement Agreement in the *Lovett* Adversary was not incorporated into or referred to in the Joint Stipulation of Dismissal. Instead, the Joint Stipulation of Dismissal provided unequivocally that the parties had resolved "the issues that formed the basis of" the *Lovett* Adversary. As a result, the "final judgment" in that adversary – the Joint Stipulation of Dismissal – simply dismissed the case with prejudice without incorporating or otherwise mentioning the Settlement Agreement. The parties, accordingly, did not properly implement any agreement to exempt certain claims from the dismissal with prejudice, and the transactional test remains the correct test for the fourth element of the *res judicata* analysis. *See Oreck*, 560 F.3d at 402.

Applying the transactional test, it is clear in this case that the payment of a $28,000,000.00 special dividend to Schaefer challenged as a fraudulent transfer in the *Lovett* Adversary is the same transaction as the payment of a $28,000,000.00 special dividend challenged as a breach of fiduciary duty in this case. The two claims involve

---

[4] The Fifth Circuit in *Oreck* did not follow the Eleventh Circuit's ruling in *Norfolk*.

the same nucleus of operative facts and, therefore, the transactional test leads to the conclusion that the fourth element of the *res judicata* defense has been satisfied.

Having established each of the four elements of the *res judicata* analysis, Defendants are entitled to dismissal of the claims based on the special dividend.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the breach of duty claim in Count One is barred by Delaware law, that the allegations regarding the sale of the *Achiever* are not self-defeating, and that the claims regarding the special dividend to Schaefer are barred by *res judicata*. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 3] is **GRANTED** as to Count One and as to the claims arising out of the special dividend to Schaefer, and **DENIED** as to the claim regarding the sale of the *Achiever*. It is further

**ORDERED** that counsel shall appear before the Court on **October 3, 2011, at 11:00 a.m.** for a status and scheduling conference.

SIGNED at Houston, Texas, this **8th** day of **September, 2011**.

_____
Nancy F. Atlas
United States District Judge