IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., et al., Defendants. | § § § | |

**DEFENDANTS JAMES J. MERMIS AND
ROGER D. BURKS'S ANSWER TO THE
POST CONFIRMATION EQUITY COMMITTEE'S COMPLAINT**

James J. Mermis and Roger D. Burks (the "Defendants") file this original answer to the Post Confirmation Equity Committee ("PCES" or "Plaintiff") Complaint.

1.  Defendants admit that Superior is the debtor-in-possession in the bankruptcy styled, *In re Superior Offshore International, Inc.*, Cause No. 08-32590-H2-11. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 1.

2.  Defendants admit that Schaefer founded Superior and served as its Chief Executive Officer until August 2006. Defendants also admit that Schaefer served as the chairman of the Board of Directors until his departure in November 2007. Defendants lack sufficient information to either admit or deny the remaining allegations in Paragraph 2.

3.  Defendants admit the allegations in Paragraph 3.

4. Defendants admit that Koch served as Superior's Senior Vice-President, General Counsel and Secretary from May 2006 to October 2007. Defendants lack sufficient information to either admit or deny the remaining allegations in Paragraph 4.

5. Defendants admit that Burks served as Chief Financial Officer from approximately December 2006 to March 2008. Defendants also admit that Burks's address is correct. Defendants deny the remaining allegations in Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required.

## SUMMARY OF THE COMPLAINT

9. Defendants deny the allegations in Paragraph 9.

10. Defendants admit that Superior provided subsea construction and commercial diving services to the oil and natural gas exploration industries. Defendants deny the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. In Paragraph 14, Plaintiff appears to refer to an October 5, 2006 email, a February 12, 2007 email, and an April 4, 2007 email and quotes language from a January 19, 2007 email and an April 17, 2007 email. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that Superior engaged Deloitte to assist in the design of internal control systems to comply with the requirements of the Sarbanes Oxley Act of 2002. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. The allegations in Paragraph 21 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent an answer is required, Defendants admit

that Schaefer Holdings, LLC was the General Partner of Schaefer Holdings, LP. Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent further answer is required, Defendants admit that Schaefer and Schaefer Holdings received a special dividend of $28 million in connection with the IPO. Defendants further admit that Schaefer and Schaefer Holdings, LP sold 1.5 million shares in the upsizing and 225,000 shares through the overallotment option. Defendants deny the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent an answer is required, In Paragraph 23, Plaintiff appears to quote emails dated March 1, 2007 and April 19, 2007. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Schaefer and Schaefer Holdings sold 3.025 million shares on April 25, 2007. Defendants deny the remaining allegations in Paragraph 24.

25. The allegations in Paragraph 25 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     In Paragraph 28, Plaintiff appears to quote from an email dated June 19, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 28.

29.     In Paragraph 29, Plaintiff appears to quote from an email dated August 2, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 29.

30.     In Paragraph 30, Plaintiff appears to refer to a draft memorandum from outside consultants regarding withholding tax on third party vessel charters and an email dated August 8, 2007 email. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 30.

31.     In Paragraph 31, Plaintiff appears to refer to Exhibit 99.1 to Superior's 8-K filed on August 15, 2007 with the SEC, which disclosed Superior's Second Quarter 2007 preliminary results. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 31.

32.     In Paragraph 32, Plaintiff appears to refer to Exhibit 99.1 to Superior's 8-K filed on August 15, 2007 with the SEC, which disclosed Superior's Second Quarter 2007

preliminary results. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 32.

33. In Paragraph 33, Plaintiff appears to refer to two emails dated August 20, 2007. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. In Paragraph 37, Plaintiff appears to reference a letter from Fortis to Superior dated November 14, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. Defendants admit that Superior began work on the BPTT project on or about July 2007. In Paragraph 39, Plaintiff appears to reference a "Strategic Planning" presentation made on October 26, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Thomas Daman signed on behalf of Superior a loan proposal for the financing of the Superior Achiever with AIG Commercial Equipment Finance, Inc. on October 31, 2007. Defendants lack sufficient information to either admit or deny the remaining allegations in Paragraph 40.

41. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 41.

42. In Paragraph 42, Plaintiff appears to quote an email dated November 12, 2007 from Superior's controller to Burks. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 42.

43. In Paragraph 43, Plaintiff appears to reference a commitment letter AIG issued to Superior on November 30, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. In Paragraph 46, Plaintiff appears to reference an email dated November 26, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 46.

47. In Paragraph 47, Plaintiff appears to reference an email dated November 26, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. In Paragraph 49, Plaintiff appears to reference a document dated December 11, 2007. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 46.

50. In Paragraph 50, Plaintiff appears to reference a letter dated December 13, 2007 from AIGCEF to Superior and a letter of intent between Superior and Hornbeck dated December 14, 2007. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 50.

51. In Paragraph 51, Plaintiff appears to reference the letter of intent dated December 13, 2007 between Hornbeck and Superior. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 51.

52. In Paragraph 52, Plaintiff appears to quote a letter or email dated December 14, 2007 between AIG and Burks. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 52.

53. In Paragraph 53, Plaintiff appears to reference minutes from the December 17, 2007 board meeting. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 53.

54. In Paragraph 54, Plaintiff appears to quote from an email dated December 21, 2007 email from Dave Orth at American Marine Advisors. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 54.

55. In Paragraph 55, Plaintiff appears to reference minutes from the January 7, 2008 board meeting and the Asset Purchase Agreement entered into on January 8, 2008

between Superior and Hornbeck. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 55.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. In Paragraph 59, Plaintiff appears to reference Superior's Form NT 10K filed on April 1, 2008. Defendants answer that the document speaks for itself. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

## Count I
## Breach of Fiduciary Duty – Duty of Care

61. Defendants repeat and hereby incorporate the responses to paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. Additionally, the allegations in Paragraph 63 appear to relate to Plaintiff's claims based on the special dividend, which were also dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. Additionally, the allegations in Paragraph 64 appear to relate to Plaintiff's claims based on the special dividend, which were also dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Plaintiff's duty of care claims were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

### Count II
### Breach of Fiduciary Duty – Duty of Loyalty and Good Faith

69. Defendants repeat and hereby incorporate the responses to paragraphs 1 through 68 as if fully set forth herein.

70. The allegations in Paragraph 70 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

### Count III
### Self-Dealing, Waste of Corporate Assets and Diversion of Corporate Opportunity

75. Defendants repeat and hereby incorporate the responses to paragraphs 1 through 75 as if fully set forth herein.

76. The allegations in Paragraph 76 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. The allegations in Paragraph 76 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011

Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78. The allegations in Paragraph 76 appear to relate to Plaintiff's claims based on the special dividend, which were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

## Count IV
## Insider Trading

79. Defendants repeat and hereby incorporate the responses to paragraphs 1 through 79 as if fully set forth herein.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit that the 10b5-1 trading plans speak for themselves. Defendants deny the remaining allegations in Paragraph 81.

## Attorney's Fees

82. Defendants deny that Plaintiff is entitled to attorney's fees.

## Request for Pre- and Post-Judgment Interest

83. Defendants deny that Plaintiff is entitled to any interest, either pre or post-judgment.

## AFFIRMATIVE DEFENSES

Defendants raise the affirmative defenses set forth below.

### First Affirmative Defense
(Mitigation of Damages)

Defendants allege that Plaintiff did not exercise due care and failed to act reasonably to protect itself from, or to mitigate, any damages it allegedly may have sustained by reason of, the alleged wrongful acts set forth in the Complaint.

### Second Affirmative Defense
(Estoppel)

The claims of the named Plaintiff are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense
(Actual Knowledge)

Defendants allege that Plaintiff had actual knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

### Fourth Affirmative Defense
(Constructive Knowledge)

Defendants allege that Plaintiff should have known and/or had constructive knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

### Fifth Affirmative Defense
(Comparative Fault)

Plaintiff's claims are barred by, or the damages (if any) allegedly sustained by Plaintiff, are reduced by either Plaintiff's contributory and/or comparative fault, and/or the comparative fault of third parties.

### Sixth Affirmative Defense
(No Damages)

Plaintiffs' claims are barred in whole or in part because plaintiff did not suffer any damages.

### Seventh Affirmative Defense
(Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein against each Defendant, fails to state a claim upon which relief may be granted.

### Eighth Affirmative Defense
(Res Judicata )

Plaintiff's claims are barred in whole or in part under the doctrine of res judicata.

### Ninth Affirmative Defense
(Offset)

Plaintiff's damages, if any, are offset by payments already made by Defendants.

### Tenth Affirmative Defense
(Release)

Defendants were expressly released by Superior in Releases executed contemporaneously with their departure from Superior. The Releases release the Defendants from the claims made in this lawsuit. Plaintiff's recovery against Defendants is barred by the Releases.

### Eleventh Affirmative Defense
(Reservation of Defenses )

Additional facts may be revealed by future discovery that support additional affirmative defenses presently available to, but unknown to, the Defendants. Defendants

reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, and each of them, pray for judgment as follows: that the Complaint be dismissed with prejudice in its entirety, and that plaintiffs take nothing hereby; that judgment be entered in favor of Defendants; for costs of suit, including reasonable attorneys' fees where appropriate under law; and for such other and further relief as the Court deems just and proper.

Dated: October 21, 2011  Respectfully submitted,

*/s/ Michael J. Biles*
Paul R. Bessette
Texas Bar No. 02263050
S.D. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Bar No. 23146
Yusuf Bajwa
Texas Bar No. 24047754
S.D. Bar No. 650026
GREENBERG TAURIG LLP
300 West 6th Street, Suite 2050
Austin, TX  78701
Tel:  512.320.7200
Fax:  512.320.7210

COUNSEL FOR DEFENDANTS
ROGER D. BURKS AND JAMES J. MERMIS

# **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                                            */s/ Michael J. Biles*