IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL CASE NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., *et al.*, Defendants. | § § § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration [Doc. # 10] filed by Plaintiff Superior Offshore International, Inc. ("Superior"). Defendants Louis E. Schaefer, Jr., James J. Mermis, Roger D. Burks, and Joshua Koch filed a Response [Doc. # 17], Plaintiff filed a Reply [Doc. # 19], and Defendants filed a Sur-Reply [Doc. # 21].[1] Plaintiff seeks reconsideration of the Court's ruling that the claim regarding a special dividend paid to Schaefer is barred by *res judicata*. Having again reviewed the record and applied governing legal authorities, the Court **denies** the Motion for Reconsideration.

---

[1] Plaintiff filed a Motion to Strike Defendants' Sur-Reply [Doc. # 23], arguing that the Sur-Reply was filed without first obtaining leave of court. To the extent leave of Court is required, it is granted *nunc pro tunc* and the Motion to Strike Defendants' Sur-Reply is **denied**.

## I. BACKGROUND

The background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 7] entered September 8, 2011 ("September 2011 Memorandum"). Briefly, and as relevant to the Motion for Reconsideration, Superior provided subsea construction and commercial diving services to the oil and natural gas exploration industries. Defendants were the only members of Superior's Board of Directors prior to the Initial Public Offering ("IPO") on April 20, 2007, and Schaefer was Chairman of the Board.

Superior filed bankruptcy in April 2008. The Plan Agent filed *H. Malcolm Lovett, Jr., Plan Agent, v. Louis E. Schaefer, et al.*, Adversary No. 09-3263 (the "*Lovett* Adversary"), challenging the payment of a $28,000,000.00 special dividend to Schaefer as a fraudulent transfer. The *Lovett* Adversary was settled; the parties therein executed a Stipulation and Settlement ("Settlement Agreement") and filed a Joint Stipulation of Dismissal with the Bankruptcy Court. The Joint Stipulation of Dismissal provided that the parties had "resolved the issues that formed the basis of this adversary" and the *Lovett* Adversary was dismissed with prejudice.

The Post Confirmation Equity Subcommittee ("PCES") filed this lawsuit in Superior's name, challenging the same special dividend as a breach of Defendants' fiduciary duty. Defendants moved to dismiss the claims based on that payment to

Schaefer as barred by the doctrine of *res judicata*. The Court agreed and dismissed the claims based on the special dividend.

Plaintiff filed its Motion for Reconsideration, arguing that the parties had "split" the cause of action regarding the special dividend and, as a result, *res judicata* did not preclude Plaintiff from asserting the claims in this case. The Motion for Reconsideration has been fully briefed and is ripe for decision.

## II.   STANDARD FOR RECONSIDERATION

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

### III.   CLAIM REGARDING SPECIAL DIVIDEND TO SCHAEFER

In their Motion to Dismiss, Defendants argued that the claims in this case regarding the special dividend were barred by the *res judicata* effect of the dismissal with prejudice of the *Lovett* Adversary.  Pursuant to the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).  For the *res judicata* bar to apply, four elements must be established:  "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  *Id.* (quoting *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007)).  The Court in the September 2011 Memorandum noted that both this case and the adversary proceeding were filed on behalf of Superior and that the Bankruptcy Court is a court of competent jurisdiction.  The Court also held that the Joint Stipulation of Dismissal, followed by the closing of the *Lovett* Adversary by the Bankruptcy Court, constituted a "final judgment" for purposes of the *res judicata* analysis.  The Court then applied the "transactional test" and determined that the same claim was involved in the two proceedings.  Having found all four requirements to be

satisfied, the Court concluded that *res judicata* barred the claims based on the special dividend payment.

Plaintiff in the Motion for Reconsideration does not argue that the Court applied the transactional test incorrectly or that the Court's conclusion, having applied the transactional test, was in error. Instead, Plaintiff argues that the Court should not have applied the transactional test at all because the parties' Settlement Agreement in the *Lovett* Adversary excluded from the settlement any derivative claims that the PCES had the right to pursue, thereby splitting the cause of action. The Fifth Circuit in *Oreck* rejected a similar argument that the court should conduct the *res judicata* analysis based not on the transactional test, but on the parties' intentions as reflected in their settlement agreement. *See Oreck*, 560 F.3d at 402. The Fifth Circuit noted that the argument was not supported by authority from this circuit, particularly since the final judgment in *Oreck* did not incorporate the settlement agreement. *See id.*. The Fifth Circuit in *Oreck* held that the transactional test applied to determine whether the fourth element of *res judicata* had been met where, as here, the parties' settlement agreement is not incorporated into the final judgment. *See id.* at 403.

Plaintiff relies on *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990), and *In re Super Van Inc.*, 92 F.3d 366 (5th Cir. 1996). In *Keith*, the Fourth Circuit held that the preclusive effect of a consent judgment in a prior lawsuit is determined by the intent

of the parties. *Keith*, 900 F.2d at 740. The Fourth Circuit then rejected the plaintiff's argument that the parties in that case had agreed to allow him to split his claim and, therefore, affirmed the district court's dismissal of the second lawsuit on the basis of *res judicata*.

In *Super Van*, there were two concurrently pending lawsuits involving the same claim, and both parties affirmatively argued against consolidating the two cases. The Fifth Circuit declined to apply *res judicata* and adopted Section 26(1)(a) of the Restatement (Second) Judgments, which allows two lawsuits on the same cause of action if "the parties have agreed in terms or in effect that the plaintiff may split [its] claim, or the defendant has acquiesced therein." *Super Van*, 92 F.3d at 371. The Fifth Circuit specifically noted that the Restatement allows a plaintiff to split its claims and avoid application of the doctrine of *res judicata* where "the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim . . .." *Id.* In no reported case in the Fifth Circuit has Restatement Section 26(a)(1) been applied to allow successive, rather than concurrent, lawsuits where the first is dismissed with prejudice. Indeed, the Fifth Circuit has rejected a Restatement Section 26(a)(1) argument where the first lawsuit had already been dismissed. *See*

*Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 899 (5th Cir. Nov. 3, 2009), *cert. denied*, 130 S. Ct. 2383 (2010).

As noted in the September 2011 Memorandum, the Settlement Agreement in the *Lovett* Adversary was not incorporated into or referred to in the Joint Stipulation of Dismissal. Instead, the Joint Stipulation of Dismissal provided unequivocally that the parties had resolved "the issues that formed the basis of" the *Lovett* Adversary and dismissed the case with prejudice. As a result, the "final judgment" in that adversary – the Joint Stipulation of Dismissal – simply dismissed the case with prejudice without incorporating or otherwise mentioning the Settlement Agreement. The Court concluded that the parties had not properly implemented any agreement to exempt certain claims from the dismissal with prejudice, and the transactional test remained the correct test for the fourth element of the *res judicata* analysis. *See Oreck*, 560 F.3d at 402. As noted in the September 2011 Memorandum, application of the transactional test establishes that the payment of a $28,000,000.00 special dividend to Schaefer challenged as a fraudulent transfer in the *Lovett* Adversary is the same transaction as the payment of a $28,000,000.00 special dividend challenged as a breach of fiduciary duty in this case. The two claims involve the same nucleus of operative facts and, therefore, the fourth element of the *res judicata* defense was satisfied.

Even were the Court to apply the "intent of the parties" test from Restatement Section 26(1)(a) to successive lawsuits where the first is dismissed with prejudice, the Court's decision that *res judicata* bars the special dividend claims would not change. The parties in the *Lovett* Adversary did not clearly express "in terms or in effect" an intent to split the claim relating to the special dividend such that Schaefer could not rely on the *res judicata* defense. In *Oreck*, the Fifth Circuit quoted the Fourth Circuit in *Keith* regarding "express agreements between the parties that litigation of one part of a claim will not preclude a second suit on another part of the same claim." *See Oreck*, 560 F.3d at 403. The Settlement Agreement in the *Lovett* Adversary does not contain an express agreement to split the claim. Instead, it simply states that nothing in the Settlement Agreement "affects any derivative claims which the Post-Confirmation Equity Subcommittee has the right to pursue." *See* Settlement Agreement, ¶ 4. Moreover, the parties' Joint Stipulation of Dismissal states unequivocally that the parties had resolved "the issues that formed the basis of" the *Lovett* Adversary, without expressing any intent to split any of the claims. Whether or not Restatement Section 26(a)(1) requires a settlement agreement to be incorporated into the final judgment, the parties' representation to the Bankruptcy Court that they had resolved all issues in the case supports the Court's conclusion that

there was no agreement "in terms or in effect" that the plaintiff could split the cause of action regarding the special dividend claim for purposes of the *res judicata* defense.

Moreover, the Fifth Circuit has discussed Restatement Section 26(a)(1) in terms of waiver, noting that agreeing to or acquiescing in a plaintiff's attempt to split his claim constitutes a waiver of the *res judicata* defense. *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 899 (5th Cir. Nov. 3, 2009), *cert. denied*, 130 S. Ct. 2373 (2010). In this case, it is clear that Defendant Schaefer did not agree to waive the *res judicata* defense. Indeed, the Settlement Agreement provides specifically that nothing therein affects "any defenses" Schaefer has to any derivative claims asserted by the Post-Confirmation Equity Subcommittee. *See* Settlement Agreement, ¶ 4.

The Court concludes that it correctly used the transactional test when considering the *res judicata* defense to the special dividend claim, and correctly concluded that the defense applied. If the Court were to apply an "intent of the parties" test as requested by Plaintiff, the result would be the same. There is no clearly expressed intent for Plaintiff to split the special dividend claim between the *Lovett* Adversary and this subsequently-filed suit. Indeed, the representation to the Bankruptcy Court that all claims in the *Lovett* Adversary had been resolved and the Settlement Agreement's language reserving all Schaefer's defenses indicate that there was no express agreement to split the claim and waive the *res judicata* defense.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 10] is **DENIED**.[2] It is further

**ORDERED** that Plaintiff's Motion to Strike Defendants' Sur-Reply [Doc. # 23] is **DENIED** and Plaintiff's Motion to Strike Defendants' Supplemental Briefing [Doc. # 20] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 17th day of **November, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[2] Defendants filed Supplemental Briefing [Doc. # 18] that had been requested by the Bankruptcy Court prior to this Court's removal of the reference. Defendants stated clearly that the supplemental briefing was filed only should the Court grant the Motion for Reconsideration and reinstate the claims regarding payment of the special dividend. Because the Court has denied the Motion for Reconsideration, Plaintiff's Motion to Strike Defendants' Supplemental Briefing [Doc. # 20] is moot.