IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Clarify [Doc. # 28] filed by Plaintiff Superior Offshore International, Inc. ("Superior"). Plaintiff seeks clarification regarding whether the Court dismissed the claims arising out of a special dividend paid to Defendant Louis Schaefer, Jr. as to Schaefer only or as to all Defendants. Defendants Louis E. Schaefer, Jr., James J. Mermis, Roger D. Burks, and Joshua Koch filed a Response [Doc. # 29], and Plaintiff filed a Reply [Doc. # 30]. As explained more fully herein, the Court clarifies that Defendants in their Motion to Dismiss [Doc. # 3] sought and briefed a request for dismissal of the special dividend claim "against Schaefer," and that is the relief granted by the Court.

Plaintiff alleged that Defendants breached their fiduciary duty by improperly paying a $28,000,000.00 special dividend to Schaefer. The Plan Agent in *H. Malcolm Lovett, Jr., Plan Agent, v. Louis E. Schaefer, et al.*, Adversary No. 09-3263 (the

"*Lovett* Adversary"), challenged the same special dividend as a fraudulent transfer. Defendants Koch, Mermis and Burks were not parties to the *Lovett* Adversary. The *Lovett* Adversary was settled; the parties therein executed a Settlement Agreement and filed a Joint Stipulation of Dismissal with the Bankruptcy Court. The Joint Stipulation of Dismissal stated that the parties had "resolved the issues that formed the basis of this adversary" and the *Lovett* Adversary was dismissed with prejudice.

Defendants argued in their Motion to Dismiss that Plaintiff "is barred by res judicata from bringing any claims against Schaefer related to payment of the special dividend." *See* Motion to Dismiss [Doc. # 3], p. 2. Later in the Motion to Dismiss, Defendants again asserted that "res judicata bars claims against Schaefer regarding the special dividend and stock sale." *See id.* at 11. Defendants argued that the *res judicata* requirement for identity of parties was satisfied because the Plan Agent and Plaintiff in this case were both acting for the benefit of Superior and, as a result, Superior and Schaefer are the real parties in interest in both proceedings. *See id.* at 13. Defendants did not argue in the Motion to Dismiss or in the Reply that Mermis, Koch and Burks were in privity with Schaefer and, therefore, the identity of parties requirement was satisfied as to these three individual defendants. Defendants argued only that the Court should "dismiss the claims asserted against Schaefer regarding the

special dividend and the stock sale because they are barred by res judicata. Schaefer has already settled those claims." *See id.* at 17.

In their Reply, Defendants continued to argue that the "claims against Schaefer are barred by *res judicata*" and challenged Plaintiff's position that *res judicata* did "not bar the claims against Schaefer arising out of the special dividend." *See* Reply in Support of Motion to Dismiss [Doc. # 5], pp. 2, 6. As they did in their Motion to Dismiss, Defendants argued in their Reply that the Court "should dismiss the claims asserted against Schaefer regarding the special dividend . . .." *See id.* at 7.

The Court considered Defendants' Motion to Dismiss as presented and agreed that the claims against Schaefer regarding the special dividend were barred by *res judicata*, noting specifically that the "identity of parties" requirement was satisfied because Plaintiff and the Plan Agent in the *Lovett* Adversary were in privity with Superior. *See* Memorandum and Order [Doc. # 7], pp. 8-9. Based on the Court's statement at page 12 of the Memorandum and Order that "Defendants are entitled to dismissal of the claims based on the special dividend," Defendants Mermis, Koch and Burks now take the position that the Court dismissed the claims as against them also. Defendants Mermis, Koch, and Burks misconstrue the Court's statement. Defendants collectively moved to dismiss the special dividend claims **against Schaefer**, and the

Court granted Defendants' collective Motion as to those claims against Schaefer. *See id.* at 12. Accordingly, it is hereby

**ORDERED** that the Motion to Clarify [Doc. # 28] is **GRANTED** to the extent that the Court clarifies that the dismissal of the claims regarding the special dividend was as to Schaefer only.

SIGNED at Houston, Texas, this 19th day of **December, 2011**.

_____
Nancy F. Atlas
United States District Judge