# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL CASE NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., *et al.*, Defendants. | § § § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Amended Complaint ("Motion") [Doc. # 38] filed by Defendants Louis E. Schaefer, Jr., James J. Mermis, Roger D. Burks, and Joshua Koch. Plaintiff Superior Offshore International, Inc. ("Superior") filed a Response [Doc. # 46], and Defendants filed a Reply [Doc. # 47]. Plaintiff filed a Motion for Leave to File a Surreply [Doc. # 48], which is hereby granted. Plaintiff also filed a Notice of Supplemental Authority [Doc. # 49]. Having reviewed the record and applied governing and other relevant legal authorities, the Court **grants** the Motion to Dismiss as to the previously dismissed claims against Defendant Schaefer, **grants** the Motion to Dismiss Count Four, and **denies** the Motion to Dismiss in all other respects.

## I.     BACKGROUND

Prior to filing bankruptcy in April 2008, Superior provided subsea construction and commercial diving services to the oil and natural gas exploration industries. Schaefer founded Superior in 1986 and served as its CEO until August 2006. Defendants were the only members of Superior's Board of Directors prior to the Initial Public Offering ("IPO") on April 20, 2007, and Schaefer was Chairman of the Board.

The Post Confirmation Equity Subcommittee ("PCES") filed this lawsuit in Superior's name as an adversary proceeding in connection with Superior's bankruptcy.[1]  By Memorandum and Order [Doc. # 7] entered September 8, 2011, the Court granted Defendants' Motion to Dismiss in part and denied the Motion to Dismiss in part, with leave to replead certain claims.  On December 19, 2011, Plaintiff filed its Amended Complaint [Doc. # 33].  Plaintiff alleges in the Amended Complaint that Defendants breached certain duties they owed Superior, specifically the duty of care (Count One) and the duty of loyalty and good faith (Count Two).  Plaintiff alleges also that Defendants engaged in self dealing (Count Three), and that Defendants Mermis, Koch and Burks engaged in insider trading (Count Four).

---

[1]     This Court withdrew the reference to the Bankruptcy Court by Order [Doc. # 6] entered August 25, 2011.

Defendants moved to dismiss the Amended Complaint. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. COUNT ONE - DUTY OF CARE

Count One of the Complaint asserts a "Duty of Care" claim.[2] The Delaware Code provides that the certificate of incorporation may include a "provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director . . .." 8 DEL. CODE § 102(b)(7). It is undisputed that the Certificate of Incorporation in this case includes this exculpatory provision for the corporation's directors. As a result, the Court previously dismissed Plaintiff's "duty of care" claim based on the exculpatory provision in Superior's Certificate of Incorporation.

In the Amended Complaint, however, Plaintiff alleges specifically that Defendants Mermis (Superior's President and Chief Executive Officer) and Burks (Superior's Chief Financial Officer) were acting as corporate *officers* rather than as corporate directors. The exculpatory provision protects only directors, not officers. Consequently, the duty of care claim against Mermis and Burks based on their alleged

---

[2] Plaintiff acknowledges that the allegations in ¶¶ 81-85 of Count One of the Amended Complaint were previously dismissed by the Court. Plaintiff notes that the allegations are included in the Amended Complaint "solely for purposes of preserving any right to appeal the dismissal of these claims." *See* Amended Complaint, p. 29, n.1.

conduct as officers is adequately pled. The Motion to Dismiss as to Count One is denied.

### III.  COUNT TWO - DUTY OF LOYALTY AND GOOD FAITH

Plaintiff alleges that Defendants breached their duty of loyalty and good faith to Superior by (a) approving the $28 million special dividend to Schaefer; (b) giving Schaefer the full benefit of an increased IPO including an additional 1.725 million shares; (c) approving a revolving credit arrangement with JPMorgan increasing the amount of available credit from $20 million to $30 million, and entering into a senior secured term loan with Fortis Capital Corp. ("Fortis"); and (d) approving the sale of the vessel the *Superior Achiever*.

Defendants seek dismissal of all claims in Count Two because they owed a duty to Schaefer only. In support of their argument, Defendants rely on cases involving corporations with only one shareholder. These cases do not support dismissal of Count Two, however, because it is undisputed that Schaefer was not the "sole shareholder" of Superior.

#### A.  Schaefer Special Dividend

Plaintiff alleges in the Amended Complaint that Defendants breached their fiduciary duty by improperly paying a $28,000,000.00 special dividend to Schaefer. The Plan Agent in *H. Malcolm Lovett, Jr., Plan Agent, v. Louis E. Schaefer, et al.*,

Adversary No. 09-3263 (the "*Lovett* Adversary"), challenged the same special dividend as a fraudulent transfer. Plaintiff acknowledges that the claim against Schaefer regarding the special dividend payment was dismissed as barred by *res judicata*. The claim is included in the Amended Complaint to preserve the issue for appeal. For the reasons stated in the Court's September 8, 2011 order, the claim regarding the special dividend is dismissed as to Schaefer.

Defendants Mermis, Koch, and Burks seek dismissal of the claim as against them on the basis of *res judicata*, arguing that they were in privity with Schaefer. "A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Qualifying relationships for purposes of non-party *res judicata* generally relate to substantive legal relationships in the property law context, such as prior and subsequent owners of property, bailor and bailee, and assignor and assignee. *See Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Absent clearly-established Fifth Circuit authority that non-party *res judicata* applies to all officers and directors of the same corporation, the Court declines to extend the doctrine to apply in this case. Defendants Mermis, Burks, and Koch's motion to dismiss the special dividend claim as against them is denied.

### B. Increased IPO

Plaintiff alleges that Defendants, knowing that the IPO was oversubscribed, gave Schaefer the full benefit of selling an additional 1.725 million shares in the IPO. Defendants argue that this claim was included in the adversary proceeding against Schaefer and, therefore, is barred by *res judicata*. The record reflects, however, that the adversary proceeding against Schaefer sought only to avoid transfers and recover payments made by Superior to Schaefer. Allowing Schaefer to sell additional shares of stock in the IPO was not a payment made by Superior to Schaefer and, consequently, was not included in the *Lovett* Adversary proceeding. As a result, this claim is not barred by *res judicata* and the request to dismiss it is denied.

### C. Credit Agreements With JPMorgan and Fortis

Plaintiff alleges that Defendants approved a revolving credit arrangement with JPMorgan increasing the amount of available credit from $20 million to $30 million, and entered into a senior secured term loan with Fortis. Plaintiff alleges that these credit agreements severely limited the amount Superior received from the IPO. Defendants argue the claim should be dismissed because Defendants had no duty to disclose every aspect of managerial information to the Board of Directors.

In the Amended Complaint, Plaintiff alleges that Defendants concealed from the independent directors important factual information regarding the JPMorgan line

of credit and the Fortis loan that the Board needed to make fundamental financing decisions. Although corporate management has some discretion regarding the level of detail they provide to the Board, the allegations in this case adequately state a claim and are not subject to dismissal at this stage of the proceeding.

### D. Sale of the *Superior Achiever*

Plaintiff alleges that Defendants Mermis and Burks breached their duty of loyalty and good faith by failing to disclose to the Superior Board of Directors that there were other, potentially more lucrative, offers for the purchase of the vessel the *Superior Achiever* before Mermis and Burks signed a letter of intent to sell the vessel to Hornbeck Offshore Services, Inc. ("Hornbeck"). As noted in the Court's prior ruling, Plaintiff's breach of the duty of loyalty and good faith claim regarding the sale of the *Superior Achiever* is based on the allegation that Burks and Mermis failed to disclose to Superior's Board of Directors that other parties had made much better offers for the *Superior Achiever* than Hornbeck. Concealing other, potentially more lucrative, offers goes well beyond general management decisions, and Plaintiff's allegations on this claim are not subject to dismissal.

## IV. COUNT THREE - SELF-DEALING

Plaintiff alleges in Count Three of the Amended Complaint that Schaefer, Mermis and Koch engaged in self-dealing by approving the $28 million special

dividend to Schaefer and by giving Schaefer "100% of the benefit of the 'upsized' IPO and increased overallotment option." For the reasons stated in the prior Memorandum and Order, the claim against Schaefer relating to the payment to him of the special dividend is dismissed. For the reasons stated in connection with the claims in Count Two relating to the special dividend claim against Mermis and Koch and relating to the increased IPO shares against Schaefer, Mermis and Koch, the Motion to Dismiss the remaining claims in Count Three is denied.

## V.    COUNT FOUR - INSIDER TRADING

Plaintiff concedes that Defendants are entitled to the dismissal of Count Four.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 3] is **GRANTED** as to the previously dismissed claims against Defendant Schaefer, **GRANTED** as to Count Four, and **DENIED** in all other respects.

SIGNED at Houston, Texas, this 30th day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge