UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE | § | |
| INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-11-3130 |
| | § | |
| v. | § | JUDGE NANCY F. ATLAS |
| | § | |
| LOUIS E. SCHAEFER, JR., *et al.*, | § | |
| | § | |
| Defendants | § | |

## DEFENDANTS JAMES J. MERMIS'S AND ROGER D. BURKS'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

James J. Mermis and Roger D. Burks (the "Defendants") file this answer to the

Post-Confirmation Committee's ("PCC" or "Plaintiff") Amended Complaint.

1.      Defendants note that the Amended Complaint omits Paragraph 1.  To the

extent any response is necessary, Defendants deny the allegations in Paragraph 1.

## PARTIES AND JURISDICTION

2.      Defendants deny that the PCC was granted authority to pursue the claims in

the Amended Complaint.  Defendants lack sufficient information to either admit or deny

the remaining allegations in Paragraph 2.

3.      In Paragraph 3, Plaintiff references Superior Offshore International, Inc.'s

("Superior" or the "Company") Prospectus dated April 19, 2007 and Form S-1/A filed on

April 5, 2007.  Defendants answer that the documents speak for themselves.  Defendants

admit that Schaefer was the founder of Superior and served as its Chief Executive Officer

and managing member until approximately August 2006.  Defendants further admit that

1

Schaefer served as the chairman of the board of directors until his departure from the Company on November 14, 2007. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that James J. Mermis was Superior's President from February 2006 to August 2006 and Vice President of Operations from March 2005 to January 2006. Defendants answer that Mermis served as the Company's President and Chief Executive Officer from August 2006 until his departure in January 2008 and was a member of the board of directors during the time period at issue in this lawsuit before his departure from Superior. Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit that R. Joshua Koch served as Superior's Senior Vice-President, General Counsel, and Secretary from May 2006 to November 2, 2007. Defendants further admit that Koch was also a member of the board of directors until his departure from Superior. Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants admit that Burks served as Superior's Chief Financial Officer and member of the board of directors from approximately December 2006 until his resignation, which was effective on March 31, 2008.

7.      Defendants admit that Superior entered into a $110 million senior secured long term loan with JPMorgan on or about February 27, 2007, that Superior was incorporated in Delaware, that Defendants participated in roadshow presentations. Defendants deny the remaining allegations in Paragraph 7.

8.      In Paragraph 8, Plaintiff appears to reference the Defendants' employment agreements filed with Superior's Form S-1/A filed on or about April 3, 2007.  Defendants answer that the documents speak for themselves.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required.

## SUMMARY OF THE COMPLAINT

11.     To the extent the allegations in Paragraph 11 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care and insider trading, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7] and April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is required, Defendants deny the allegations in Paragraph 11.

## STATEMENT OF RELEVANT FACTS

12.     Defendants deny that the vessel fleet more than quadrupled--from owning just two vessels in 2005 to acquiring or charting an additional seven vessels between March 2006 and March 2007.  Defendants admit the remaining allegations in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order

3

[Doc. 7].  Further, Plaintiff appears to refer to a November 1, 2006 email in Paragraph 13.  Defendants answer that the document speaks for itself.  To the extent any further response is required, Defendants deny the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7].  Further, Plaintiff appears to refer to a March 2007 email and IPO due diligence presentations in Paragraph 14.  Defendants answer that these documents speak for themselves.  To the extent any further response is required, Defendants deny the allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     In Paragraph 16, Plaintiff appears to refer to minutes of a General Manager Meeting held on October 5, 2006, a February 12, 2007 email, an April 4, 2007 email, and quotes language from a January 19, 2007 email and an April 17, 2007 email.  Defendants answer that the documents speak for themselves.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 16.

17.     In Paragraph 17, Plaintiff appears to refer to refer to an email dated April 16, 2007.  Defendants answer that the document speaks for itself.  To the extent any further response is required, Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

4

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants admit that Superior engaged Deloitte to assist in the design of internal control systems to comply with the requirements of the Sarbanes Oxley Act of 2002. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     To the extent the allegations in Paragraph 25 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. Defendants admit that Schaefer, Mermis, Koch, and Burks were members of Superior's Board of Directors and deny the remaining allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. Defendants admit that Schaefer and Schaefer Holdings, L.P. received a special dividend of $28 million in connection with Superior's Initial Public Offering. To the extent any further response is required, Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     In Paragraph 28, Plaintiff appears to quote emails dated March 1, 2007 and April 19, 2007. Defendants answer that the documents speak for themselves. To the extent the allegations in Paragraph 28 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were

dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that the Board approved an underwriting agreement dated April 19, 2007. Defendants answer that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 29.

30.     To the extent the allegations in Paragraph 30 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. Defendants admit that Schaefer and Schaefer Holdings received a special dividend of $28 million in connection with the IPO. Defendants deny the remaining allegations in Paragraph 30.

31.     To the extent the allegations in Paragraph 31 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 31.

32.     To the extent the allegations in Paragraph 32 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 32.

33.     To the extent the allegations in Paragraph 33 relate to Plaintiff's claims based on the special dividend and overallotment for breaches of the fiduciary duty of care, they were dismissed by this Court in its September 8, 2011 Memorandum and Order [Doc. 7].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 33.

34.     In Paragraph 34, Plaintiff appears to quote an email dated May 4, 2007. Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 34 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 34.

35.     In Paragraph 35, Plaintiff appears to quote an email dated April 16, 2007. Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 35 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 35.

36.     In Paragraph 36, Plaintiff appears to quote an email dated May 25, 2007. Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 36 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].

*536,206,937 6AUS*

To the extent any further response is necessary, Defendants deny the allegations in Paragraph 36.

37.     In Paragraph 37, Plaintiff appears to reference emails dated May 22, 2007 and April 16, 2007.  Defendants answer that the documents speak for themselves. Moreover, the allegations in Paragraph 37 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any response is required, Defendants admit that the Company explored a collaboration with Subsea 7 called "Project Deepsea" and deny the remaining allegations in Paragraph 39.

40.     In Paragraph 40, Plaintiff appears to reference an email dated June 8, 2007, along with its attachments.  Defendants answer that the documents speak for themselves. Moreover, the allegations in Paragraph 40 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary,

Defendants admit that the board members signed the Consent authorizing Superior to enter into the first amendment to the existing credit facility and entry into a new term loan facility, and Defendants deny the remaining allegations in Paragraph 40.

41.     In Paragraph 41, Plaintiff appears to reference the $100,000,000 Credit Agreement that Superior entered into, on or about June 20, 2007, with a syndicate of financial institutions led by Fortis Capital Corp., as Administrative Agent.  Defendants answer that the documents speak for themselves.  Moreover, the allegations in Paragraph 41 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 41.

42.     In Paragraph 42, Plaintiff appears to reference an email dated June 19, 2007.  Defendants respond that the document speaks for itself.  Moreover, the allegations in Paragraph 42 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants admit that the Fortis Loan was entered into on or about June 20, 2007, and Defendants deny the remaining allegations in Paragraph 42.

43.     In Paragraph 43, Plaintiff appears to reference the First Amendment to the Credit Agreement that Superior entered into on or about June 20, 2007 with JPMorgan Chase Bank, as Lender and Administrative Agent for the Lenders.  Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 43 appear to

9

relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. Defendants deny the remaining allegations in Paragraph 43.

44.     In Paragraph 44, Plaintiff appears to quote from an email dated August 2, 2008. Defendants answer that the document speaks for itself. Moreover, the allegations in Paragraph 44 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 44.

45.     In Paragraph 45, Plaintiff appears to refer to a draft memorandum from outside consultants regarding withholding tax on third party vessel charters. Defendants answer that the document speaks for itself. Moreover, the allegations in Paragraph 45 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 45.

46.     In Paragraph 46, Plaintiff appears to refer to an email dated August 8, 2007. Defendants answer that the document speaks for itself. Moreover, the allegations in Paragraph 46 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 46.

47.     In Paragraph 47, Plaintiff appears to refer to Exhibit 99.1 to Superior's 8-K filed on August 15, 2007 with the SEC, which disclosed Superior's Second Quarter 2007 preliminary results.  Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 47 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 47.

48.     In Paragraph 48, Plaintiff appears to refer to Exhibit 99.1 to Superior's 8-K filed on August 15, 2007 with the SEC, which disclosed Superior's Second Quarter 2007 preliminary results.  Defendants answer that the document speaks for itself.  Moreover, the allegations in Paragraph 48 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 48.

49.     Defendants answer that the outstanding balance on the Fortis Loan was $55,000,000 as of September 30, 2007.  Moreover, the allegations in Paragraph 49 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent any further response is necessary, Defendants deny the remaining allegations in Paragraph 49.

50.     In Paragraph 50, Plaintiff appears to refer to two emails dated August 20, 2007.  Defendants answer that the documents speak for themselves.  Moreover, the allegations in Paragraph 50 appear to relate to Plaintiff's claims based on alleged insider

trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 appear to relate to Plaintiff's claims based on alleged insider trading, which were dismissed by this Court in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent a response is required, Defendants admit that Mermis, Koch, and Burks filed 10b5-1 trading plans with the SEC on August 21, 2007. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     In Paragraph 53, Plaintiff appears to refer to an email dated September 15, 2007. Defendants answer that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants admit that Superior hired Tudor Pickering Holt & Co. in late 2007 and that Superior sough a waiver of certain loan covenants from Fortis in October 2007. Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants admit the allegations in Paragraph 55.

56.     In Paragraph 56, Plaintiff appears to refer to a communication made on October 31, 2007 and a letter from Fortis to Superior dated November 14, 2007. Defendants answer that the documents speak for themselves. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that Superior began work on the BPTT project on or about July 2007.  Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants admit that Thomas Daman signed on behalf of Superior a loan proposal for the financing of the Superior Achiever with AIG Commercial Equipment Finance, Inc. on October 31, 2007.  Defendants deny the remaining allegations in Paragraph 59.

60.     Defendants lack sufficient information to either admit or deny the allegations in Paragraph 60.

61.      In Paragraph 61, Plaintiff appears to quote an email dated November 12, 2007 from Superior's controller to Burks.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 61.

62.     In Paragraph 62, Plaintiff appears to reference a commitment letter AIG issued to Superior on November 30, 2007.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     In Paragraph 65, Plaintiff  appears to reference an email dated November 26, 2007.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 65.

66.     In Paragraph 66, Plaintiff appears to reference an email dated November 26, 2007.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     In Paragraph 68, Plaintiff appears to reference a document dated December 11, 2007.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 68.

69.     In Paragraph 69, Plaintiff appears to reference a letter dated December 13, 2007 from AIGCEF to Superior and a letter of intent between Superior and Hornbeck dated December 14, 2007.  Defendants answer that the documents speak for themselves.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 69.

70.     In Paragraph 70, Plaintiff appears to reference the letter of intent dated December 13, 2007 between Hornbeck and Superior.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 70.

71.     In Paragraph 71, Plaintiff appears to quote a letter or email dated December 14, 2007 between AIGCEF and Burks.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 71.

72.     In Paragraph 72, Plaintiff appears to reference minutes from the December 17, 2007 board meeting.  Defendants answer that the document speaks for itself.  To the

14

extent any further response is necessary, Defendants deny the allegations in Paragraph 72.

73.    In Paragraph 73, Plaintiff appears to quote from an email dated December 21, 2007 email from Dave Orth at American Marine Advisors.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 73.

74.    In Paragraph 74, Plaintiff appears to reference minutes from the January 7, 2008 board meeting and the Asset Purchase Agreement entered into on January 8, 2008 between Superior and Hornbeck.  Defendants answer that the documents speak for themselves.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 74.

75.    Defendants admit the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants admit the allegations in Paragraph 77.

78.    In Paragraph 78, Plaintiff appears to reference Superior's Form NT 10K filed on April 1, 2008.  Defendants answer that the document speaks for itself.  To the extent any further response is necessary, Defendants deny the allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

536,206,937 6AUS

## Count I
## Breach of Fiduciary Duty - Duty of Care

80.     Defendants repeat and hereby incorporate the responses to paragraphs 1 through 79 as if fully set forth herein.

81.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7].  *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7].  *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1.  To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7].  *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1.  To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7].  *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1.  To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and

Order [Doc. 7]. *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

## Count II
## Breach of Fiduciary Duty - Duty of Loyalty and Good Faith

92. Defendants repeat and hereby incorporate the responses to paragraphs 1 through 91 as if fully set forth herein.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

*536,206,937 6AUS*

## Count III
## Self Dealing, Waste of Corporate Assets and Diversion of Corporate Opportunity

103.     Defendants repeat and hereby incorporate the responses to paragraphs 1 through 102 as if fully set forth herein.

104.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7]. *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7]. *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.     Plaintiff's duty of care claims regarding the special dividend and overallotment were dismissed by this court in its September 8, 2011 Memorandum and Order [Doc. 7]. *See also* Plaintiff's Amended Complaint [Doc. 33], n. 1. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

## Count IV
## Insider Trading

107.     Defendants repeat and hereby incorporate the responses to paragraphs 1 through 106 as if fully set forth herein.

108.     This Court dismissed Plaintiff's insider trading claims in its April 30, 2012 Memorandum and Order [Doc. 52]. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

*536,206,937 6AUS*

109.    This Court dismissed Plaintiff's insider trading claims in its April 30, 2012 Memorandum and Order [Doc. 52].  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

**Attorney's Fees**

Defendants deny that Plaintiff is entitled to attorney's fees and expert fees.

**Request for Pre- and Post-Judgment Interest**

Defendants deny that Plaintiff is entitled to any interest, either pre or post-judgment.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
(Mitigation of Damages)

Defendants allege that Plaintiff did not exercise due care and failed to act reasonably to protect itself from, or to mitigate, any damages it allegedly may have sustained by reason of the alleged wrongful acts set forth in the Amended Complaint.

**Second Affirmative Defense**
(Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**Third Affirmative Defense**
(Actual Knowledge)

Defendants allege that Plaintiff had actual knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

*536,206,937 6AUS*

## Fourth Affirmative Defense
### (Constructive Knowledge)

Defendants allege that Plaintiff should have known and/or had constructive knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

## Fifth Affirmative Defense
### (Comparative Fault)

Plaintiff's claims are barred by, or the damages (if any) allegedly sustained by Plaintiff, are reduced by either Plaintiff's contributory and/or comparative fault, and/or the comparative fault of third parties.

## Sixth Affirmative Defense
### (No Damages)

Plaintiff's claims are barred in whole or in part because Plaintiff did not suffer any damages.

## Seventh Affirmative Defense
### (Failure to State a Claim)

The Amended Complaint, and each purported cause of action alleged therein against each Defendant, fails to state a claim upon which relief may be granted.

## Eighth Affirmative Defense
### (Res Judicata )

Plaintiff's claims are barred in whole or in part under the doctrine of res judicata.

## Ninth Affirmative Defense
### (Offset)

Plaintiff's damages, if any, are offset by payments already made by Defendants.

*536,206,937 6AUS*

## Tenth Affirmative Defense
### (Release)

Defendants were expressly released by Superior in Releases executed contemporaneously with their departure from Superior. The Releases release the Defendants from the claims made in this lawsuit. Plaintiff's recovery against Defendants is barred by the Releases.

## Eleventh Affirmative Defense
### (Reservation of Defenses )

Additional facts may be revealed by future discovery that support additional affirmative defenses presently available to, but unknown to, the Defendants. Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

## Twelfth Affirmative Defense
### (Due Diligence)

Defendants acted reasonably in connection with structuring Superior's IPO.

## Thirteenth Affirmative Defense
### (Standing)

The Post-Confirmation Committee's clients, the equity holders of Superior, did not hold their shares when the alleged misconduct occurred and they therefore lack standing and cannot state a claim against Defendants as a matter of law.

## Fourteenth Affirmative Defense
### (Reliance)

Defendants relied on experts in structuring the terms of the IPO.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, and each of them, pray for judgment as follows: that the Amended Complaint be dismissed with prejudice in its entirety, and that Plaintiff takes nothing hereby; that judgment be entered in favor of Defendants; for costs of suit, including reasonable attorneys' fees where appropriate under law; and for such other and further relief as the Court deems just and proper.


Dated:  May 14, 2012                         Respectfully submitted,


                                             */s/ Michael J. Biles*
                                             Paul R. Bessette
                                             Texas Bar No. 02263050
                                             S.D. Bar No. 22453
                                             Michael J. Biles
                                             Texas Bar No. 24008578
                                             S.D. Bar No. 23146
                                             Yusuf Bajwa
                                             Texas Bar No. 24047754
                                             S.D. Bar No. 650026
                                             Sandra D. Gonzalez
                                             Texas Bar No. 24069805
                                             S.D. Bar No. 1080942
                                             GREENBERG TRAURIG LLP
                                             300 West 6th Street, Suite 2050
                                             Austin, TX  78701
                                             Tel:  512.320.7200
                                             Fax:  512.320.7210

                                             COUNSEL FOR DEFENDANTS
                                             ROGER D. BURKS AND JAMES J. MERMIS

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Michael J. Biles*

*536,206,937 6AUS*