IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL CASE NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., *et al.*, Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the letter dated June 22, 2012, docketed as an Emergency Motion to Strike Expert Report of Joseph R. Walsh ("Motion to Strike") [Doc. # 63] filed by Plaintiff Superior Offshore International, Inc. ("Superior"). Defendants Louis E. Schaefer, Jr., James J. Mermis, Roger D. Burks, and Joshua Koch filed a Response [Doc. # 67], and Plaintiff filed a Reply [Doc. # 68]. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion to Strike.

Superior provided subsea construction and commercial diving services to the oil and natural gas exploration industries. Defendants were the only members of Superior's Board of Directors prior to the Initial Public Offering ("IPO") on April 20, 2007, and Schaefer was Chairman of the Board. The Board voted to pay a $28,000,000.00 special dividend to Schaefer and Schaefer Holdings, LP. Plaintiff filed this lawsuit challenging the special dividend as a breach of Defendants' fiduciary

duty. Plaintiff also challenges other conduct by Defendants as officers and/or directors of Superior.

Defendants identified Joseph T. Walsh as an expert witness and provided his expert report. Walsh explains his view of Delaware law and presents opinions regarding the legal standards that apply and whether Defendants' conduct satisfied those legal standards. In order to avoid the expense of deposing Walsh, Plaintiff has moved to strike the expert report. Plaintiff maintains that its request has "nothing to do with *Daubert* or *Kumho*." *See* Motion to Strike, p. 1. Instead, Plaintiff asks the Court to strike Walsh's report in its entirety because it contains opinions on the legal standards applicable to directors under Delaware law.

Plaintiff is correct that an expert may not provide opinions on the governing law. *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). Experts may, however, give opinions on ultimate factual issues. *See id.* As a result, although Walsh would clearly not be permitted to testify at trial regarding whether certain legal standards apply to Defendants' conduct as officers and/or directors of Superior, he could conceivably provide opinion testimony regarding whether Defendants' conduct complied with those standards.

The Court exercises its discretion to decline to strike Walsh's expert report. That report, however, will not be received in evidence at trial. Rather, Defendants

must offer Walsh's opinions through live testimony – subject to objections by Plaintiff and rulings on those objections by the Court at that time.

Notably, this will be a non-jury trial. Walsh's opinions will not improperly influence the Court's rulings on legal issues. Walsh's testimony may, however, provide assistance to the Court on factual issues in the case, without the possibility that his opinions will be given undue weight by the Court as the trier of fact simply because he has been designated as an expert. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Strike [Doc. # 63] is **DENIED**.

SIGNED at Houston, Texas, this 13<u>th</u> day of **July, 2012**.

_____
Nancy F. Atlas
United States District Judge