IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR OFFSHORE INTERNATIONAL, INC., Plaintiff, | § § § § | |
| v. | § | CIVIL CASE NO. H-11-3130 |
| LOUIS E. SCHAEFER, JR., *et al.*, Defendants. | § § § § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Louis E. Schaefer, Jr.'s Motion for Reconsideration [Doc. # 135], seeking reconsideration of the Court's denial of his Motion for Summary Judgment on the Affirmative Defense of Release. Plaintiff Superior Offshore International, Inc. ("Superior") filed a Response [Doc. # 136], and Schaefer filed a Reply [Doc. # 137]. Superior filed a Motion for Leave to File a Surreply [Doc. # 139] with the proposed Surreply attached. Having reviewed the record and applied governing legal authorities, the Motion for Leave to File a Surreply is **granted**, and the Motion for Reconsideration is **granted in part and denied in part**.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). In the prior

Memorandum and Order [Doc. # 134] entered December 11, 2012, the Court stated correctly that Defendants Joshua Koch, Jr., Roger Burks, and Schaefer each entered into an agreement with Superior that included a mutual release of claims existing as of the date of the release.  *See* Memorandum and Order, p. 10.  The Court noted further that the "Release language is quite broad, releasing any and all claims 'of any kind whatsoever, known or unknown, whether in law or equity and whether arising under federal, state, or local law, which [the releasing parties] had, now have, or may have or claim to have in the future . . ..'"  *Id.*  The Court then stated that the Releases provided that they did not release "any claims arising out of the fraud or willful misconduct." *Id.*  Schaefer correctly points out in his Motion for Reconsideration that, unlike Burks's and Koch's Releases, his Release does not contain this "carve-out" provision.  To the extent the prior Memorandum and Order denied summary judgment based on this exclusion, Schaefer's Motion for Reconsideration is granted.

The Court's prior denial of Schaefer's Motion for Summary Judgment on Affirmative Defense of Release was not, however, based exclusively on the exclusion of "fraud and willful misconduct" claims from the Release.  Instead, the Court noted that there were genuine issues of material fact regarding whether the Releases, including Schaefer's, violated public policy.  For example, there are genuine issues of material fact regarding when Schaefer's fiduciary duty to Superior may have ended.

Additionally, there are genuine fact issues regarding the alleged conflict of interest created by Schaefer's counsel in the Initial Public Offering having represented Superior in connection with negotiating Schaefer's Release, and whether that alleged conflict rendered the Release void as a matter of public policy. These material fact disputes remain notwithstanding the absence of the "carve-out" provision in Schaefer's Release. As a result, it is hereby

**ORDERED** that Schaefer's Motion for Reconsideration [Doc. # 135] is **GRANTED** only to the extent that the Court corrects its prior Memorandum and Order to reflect that Schaefer's Release does not contain the exclusion for "fraud and willful misconduct" claims, and **DENIED** in all other respects. It is further

**ORDERED** that Superior's Motion for Leave to File a Surreply [Doc. # 139] is **GRANTED**.

SIGNED at Houston, Texas, this 23rd day of **January, 2013**.

_____
Nancy F. Atlas
United States District Judge